**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No.:**

MS MARKETING, INC., d/b/a
EZ LITE CRUISER, a California
corporation,

       Plaintiff,

v.

DISCOVER YOUR MOBILITY, INC.,
a Michigan corporation,
and QUICK N' MOBILE INC,
a Florida corporation,

       Defendant.

_____/

## COMPLAINT

Plaintiff, MS MARKETING, INC., d/b/a EZ LITE CRUISER ("Plaintiff" or "EZ Lite Cruiser"), by and through undersigned counsel, sues Defendants, DISCOVER YOUR MOBILITY, INC. ("Discover") and QUICK N' MOBILE INC ("QNM") (collectively, "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff, EZ Lite Cruiser, is a California corporation with its principal place of business in Los Angeles County, California doing business throughout the United States, including within this District.

2. Defendant, Discover, is a Michigan corporation with, upon information and belief, its principal place of business in Oakland County, Michigan doing business throughout the United States, including within this District.

1

3.     Defendant, QNM, is a Florida corporation with, upon information and belief, its principal place of business in Broward County, Florida doing business throughout the United States, including within this District.

## JURISDICTION AND VENUE

4.     This is an action for, among other things, trademark infringement under 15 U.S.C. § 1051, *et. seq.*, breach of contract, false association, false designation of origin, and for other common law claims and causes of action.

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121 because EZ Lite Cruiser's claims arise under federal law.

6.     The state law claims asserted herein are so related to those over which this Court has original jurisdiction as to form part of the same case or controversy.  Therefore, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims asserted herein.

7.     This Court has personal jurisdiction over Discover because ███████████ ██████████████████████████████ in the subject settlement agreement that is at issue in this proceeding.

8.     Additionally, upon information and belief, Discover is marketing, offering for sale, or selling electric wheelchairs and wheelchair accessories in Florida, which relate to the claims asserted by EZ Lite cruiser and out of which EZ Lite Cruiser's claims, at least in part, arise. Moreover, upon information and belief, Discover has operated, conducted, engaged in and/or carried on business within the State of Florida, committed a tortious act within the State of Florida, marketed, offered for sale or sold products within the State of Florida, and/or caused injury within the State of Florida.  By virtue of its actions described herein, this Court's exercise of personal

jurisdiction over Discover is consistent with the Constitution of the United States and Fla. Stat. § 48.193.

9.      This Court has personal jurisdiction over QNM because it is registered to do business in Florida, organized under the laws of the State of Florida, operates, conducts, engages in and carries on a business in Florida, including within this judicial district, and committed a tortious act within Florida, including within this judicial district.  Thus, this Court's exercise of personal jurisdiction over QNM is consistent with the Constitution of the United States and Fla. Stat. § 48.193.

10.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to at least 28 U.S.C. §§ 1391, and because ████████████████████ ████

## **GENERAL ALLEGATIONS**

**A.      The EZ LITE CRUISER Mark.**

11.      EZ Lite Cruiser markets and sells lightweight foldable electric wheelchairs and wheelchair accessories (the "EZ Lite Cruiser Goods"). EZ Lite Cruiser markets and sells its EZ Lite Cruiser Goods in connection with and in association with the trademark EZ LITE CRUISER (the "EZ LITE CRUISER Mark" or the "Mark").  EZ Lite Cruiser also uses the Mark as its trade name.

12.      EZ Lite Cruiser has been using the EZ LITE CRUISER Mark throughout the United States and internationally as its trade name and in connection with and in association with all of its EZ Lite Cruiser Goods continuously since at least as early as 2013.  EZ Lite Cruiser was the first and sole owner and user of the EZ LITE CRUISER Mark and has acquired substantial

common law and other legal rights in and to the Mark and trade name by virtue of that continuous and ongoing usage.

13.     In addition to substantial common law rights that EZ Lite Cruiser has in and to the Mark, EZ Lite Cruiser also owns and holds U.S. Trademark Registration No. 4,777,013 ("the Registration"), with a registration date of July 21, 2015, for the EZ LITE CRUISER Mark. The Registration constitutes evidence of the validity of the Mark and of registration of the Mark. A true and correct copy of the Certificate of Registration for the Mark is attached hereto as **Exhibit "A."**

14.     Since at least as early as December 2013, EZ Lite Cruiser has extensively marketed the EZ Lite Cruiser Goods in connection with Mark and has used the Mark as its trade name when conducting business.  As such, the EZ LITE CRUISER Mark has acquired valuable goodwill and fame throughout the United States.  Additionally, EZ Lite Cruiser has been continuously using the Mark since at least as early as 2013 in interstate commerce in connection with the EZ Lite Cruiser Goods, including extensive advertising, marketing, promotion and sales.  As a result, consumers know and recognize the EZ LITE CRUISER Mark, and associate it distinctly with EZ Lite Cruiser and the high quality wheelchairs and accessories that EZ Lite Cruiser markets, sells and provides throughout the United States and the world.

15.     Moreover, as a result of EZ Lite Cruiser's substantial and significant ongoing advertising, marketing, and promotional efforts, EZ Lite Cruiser's longstanding and continuous use of the Mark, the geographic scope in which EZ Lite Cruiser uses and promotes the Mark, and the high degree of consumer recognition, the Mark has acquired secondary meaning, has become well-known and famous in the wheelchair industry, and has acquired extremely valuable goodwill such that the public associates the Mark with EZ Lite Cruiser as the source of high quality electric wheelchairs and wheelchair accessories.

4

**B.    Discover's Breach of the Prior Settlement Agreement and Discover's Infringement.**

16.    Discover also markets, offers for sale and sells electric wheelchairs and wheelchair accessories.

17.    EZ Lite Cruiser previously filed a lawsuit against Discover for trademark infringement and other related claims in a case styled, *MS Marketing, Inc., d/b/a EZ Lite Cruiser v. Discover Your Mobility, Inc.*, United States District Court for the Southern District of Florida Case No. 15-62226-CIV-DIMITROULEAS/SNOW (the "Prior Lawsuit").  Specifically, EZ Lite Cruiser alleged in the Prior Lawsuit that Discover infringed EZ Lite Cruiser's rights in and to the EZ LITE CRUISER Mark by using the Mark and other marks confusingly similar to the Mark.

18.    On or about March 24, 2016, EZ Lite Cruiser and Discover entered into a Confidential Settlement Agreement ("Agreement") to resolve the Prior Lawsuit. A true and correct copy of that Agreement is attached hereto as **Exhibit "B."**[1]

19.    

20.    However, EZ Lite Cruiser recently learned that Discover is using the EZ LITE CRUISER Mark and/or other confusingly similar variations, phonetic equivalents or colorable

---

[1] Due to a confidentiality provision in the Agreement, the Agreement, along with any references to terms in the Agreement, are being redacted from the publicly filed Complaint.  Plaintiff will seek to file the Agreement and the un-redacted version of the Complaint under seal.

imitations thereof ("Discover Infringing Marks") in Google AdWords, keywords and/or through other usages in connection with the sale, offering for sale and/or advertising of its electric wheelchairs and wheelchairs accessories.

21.    Such usage of the Discover Infringing Marks by Discover clearly and undisputedly violates the terms of the Agreement.

22.    Additionally, such usage of the Discover Infringing Marks by Discover constitutes trademark infringement under 15 U.S.C. § 1114.

23.    The Discover Infringing Marks are all either identical to or nearly identical to, and are confusingly similar to, the EZ LITE CRUISER Mark.  Discover's unauthorized use of the Discover Infringing Marks has caused, and is likely to continue to cause, confusion, mistake or deception among consumers and customers as to the source, origin, or sponsorship of such products or as to the affiliation, connection or association of Discover with EZ Lite Cruiser.  The consuming public is likely to believe that Discover's use of the Discover Infringing Marks in connection with its goods and services is authorized, licensed, or sponsored by EZ Lite Cruiser when such is not the case.  In fact, EZ Lite Cruiser has received instances of actual confusion resulting from Discover's infringing use of the Discover Infringing Marks.

24.    EZ Lite Cruiser's use of the EZ LITE CRUISER Mark predates any and all use by Discover of the Discover Infringing Marks in all geographical areas of the United States.

25.    Discover is competing with EZ Lite Cruiser in the same geographical markets and/or geographical areas of the United States.  Specifically, both EZ Lite Cruiser and Discover sell their products online and offer them for sale throughout the United States.

26.    Moreover, Discover's unauthorized use of the Discover Infringing Marks has allowed Discover to use, trade off of and benefit from EZ Lite Cruiser and its EZ LITE CRUISER

Mark's valuable goodwill.  Such unauthorized use has also injured or is also likely to injure the reputation and goodwill associated with EZ Lite Cruiser and its Mark.

27.     Discover was at all material times aware of EZ Lite Cruiser and its EZ LITE CRUISER Mark.  As discussed above, EZ Lite Cruiser and Discover were previously engaged in the Prior Lawsuit regarding Discover's prior infringement.  Discover's use of the Discover Infringing Marks is clearly intended to trade off of EZ Lite Cruiser's goodwill and reputation, and Discover's unauthorized use of the Discover Infringing Marks is willful and intentional.

**C.     QNM's Infringement of the Mark**

28.     QNM also markets, offers for sale and sells on its website electric wheelchairs and wheelchair accessories, including, upon information and belief, wheelchairs that its resells from Discover.

29.     EZ Lite Cruiser recently learned that QNM is using the EZ LITE CRUISER Mark and/or other confusingly similar variations, phonetic equivalents or colorable imitations thereof, including without limitation "EZ FOLD" ("QNM Infringing Marks"), in Google AdWords or keywords, in other marketing, promoting and advertising and/or otherwise in connection with the sale and/or offering for sale of its electric wheelchairs and wheelchairs accessories.

30.     EZ Lite Cruiser's use of the EZ LITE CRUISER Mark predates any and all use by QNM of the QNM Infringing Marks in all geographical areas of the United States.

31.     QNM is competing with EZ Lite Cruiser in the same geographical markets and/or geographical areas of the United States.  Specifically, both EZ Lite Cruiser and QNM sell their products online and offer them for sale throughout the United States.

32.     The QNM Infringing Marks are all either identical to or nearly identical to, and are confusingly similar to, the EZ LITE CRUISER Mark.  QNM's unauthorized use of the QNM

Infringing Marks has caused, and is likely to continue to cause, confusion, mistake or deception among consumers and customers as to the source, origin, or sponsorship of such products or as to the affiliation, connection or association of QNM with EZ Lite Cruiser.  The consuming public is likely to believe that QNM's use of the QNM Infringing Marks in connection with its goods and services is authorized, licensed, or sponsored by EZ Lite Cruiser when such is not the case.  In fact, EZ Lite Cruiser has received instances of actual confusion resulting from QNM's infringing use of the QNM Infringing Marks.

33.     Moreover, QNM's unauthorized use of the QNM Infringing Marks has allowed QNM to use, trade off of and benefit from EZ Lite Cruiser and its EZ LITE CRUISER Mark's valuable goodwill.  Such unauthorized use has also injured or is also likely to injure the reputation and goodwill associated with EZ Lite Cruiser and its Mark.

34.     QNM was, upon information and belief, at all material times aware of EZ Lite Cruiser and its EZ LITE CRUISER Mark.  QNM's use of the QNM Infringing Marks is clearly intended to trade off of EZ Lite Cruiser's goodwill and reputation, and QNM's unauthorized use of the QNM Infringing Marks is willful and intentional.

35.     All conditions precedent to the filing of this action have been fulfilled or waived. Among other things, ████████████████████████ on or about August 16, 2018, EZ Lite Cruiser notified Discover, in writing through its counsel, of the breach of the Agreement identified in this lawsuit to provide Discover an opportunity to cure the breach.  A true and correct copy of the notice to cure letter is attached hereto as **Exhibit "C."[2]**  EZ Lite Cruiser did not file

---

[2] Due to a confidentiality provision in the Agreement, the notice to cure letter (Exhibit C), which references terms in the Agreement, is also being redacted from the publicly filed Complaint. Plaintiff will seek to file Exhibit C under seal.

this lawsuit until at least 10 days after sending the notice to cure on August 16, 2018. EZ Lite

Cruiser did not receive any type of response from Discover in response to the notice to cure.

36.     EZ Lite Cruiser has retained the undersigned counsel to represent it in this action

and is obligated to pay undersigned counsel's reasonable attorneys' fees, which fees, together with

costs, EZ Lite Cruiser is entitled to recover from Discover pursuant to Section 17 of the Agreement

and recover from Discover and QNM pursuant to at least 15 U.S.C. § 1117.

**COUNT I – BREACH OF CONTRACT**
**(Against Discover)**

37.     EZ Lite Cruiser re-alleges and re-avers paragraphs 1-36 as though fully set forth

herein.

38.     On or about March 24, 2016, EZ Lite Cruiser and Discover entered into the

Agreement.

39.     Discover breached the Agreement by, among other things, ███████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

40.     As a direct and proximate result of Discover's breaches of the Agreement, EZ Lite

Cruiser has been damaged, and EZ Lite Cruiser is entitled to recover from Discover all damages,

including compensatory damages and/or other damages, resulting from Discover's breaches of the

Agreement.

41.     ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

9

█████████████████████████████████████████████████

42.      Thus, EZ Lite Cruiser is also entitled to a temporary and permanent injunction

against Discover ████████████████████████████████

43.      Additionally, EZ Lite Cruiser is entitled to recover from Discover all costs and

attorneys' fees incurred by EZ Lite Cruiser in connection with this lawsuit, including pre-trial, trial

and all appellate level fees and costs, ███████████████████████

**COUNT II**
**Trademark Infringement under 15 U.S.C. § 1114**
**(Against All Defendants)**

44.      EZ Lite Cruiser re-alleges and re-avers paragraphs 1-36 as though fully set forth

herein.

45.      EZ Lite Cruiser is the owner of the EZ LITE CRUISER Mark and the Registration

for the Mark.

46.      Defendants are using the Discover Infringing Marks and QNM Infringing Marks

(collectively "Infringing Marks"), without authorization, in commerce in connection with the sale,

offering for sale and/or advertising of their electric wheelchairs and wheelchair accessories as set

forth above.

47.      Defendants' unauthorized use of the Infringing Marks has caused, and is likely to

continue to cause, confusion, mistake or deception among consumers and customers as to the

source, origin, or sponsorship of such products or as to the affiliation, connection or association of

Defendants with EZ Lite Cruiser.  The consuming public is likely to believe that Defendants' use

of the Infringing Marks in connection with their goods and services is authorized, licensed, or

sponsored by EZ Lite Cruiser when such is not the case.  In fact, EZ Lite Cruiser has received instances of actual confusion resulting from Defendants' infringing use of the Infringing Marks.

48.     Defendants' use of the Infringing Marks constitutes trademark infringement under 15 U.S.C. § 1114.

49.     The foregoing acts have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

50.     As a direct and proximate result of Defendants' actions, EZ Lite Cruiser has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of its Mark.  The injury to EZ Lite Cruiser is ongoing, continuous and irreparable.

51.     A monetary award of damages alone cannot fully compensate EZ Lite Cruiser for its damages caused by Defendants, and EZ Lite Cruiser lacks an adequate remedy at law. Accordingly, EZ Lite Cruiser is entitled to a temporary and permanent injunction against Defendants restraining Defendants from using the EZ Lite Cruiser Mark, the Infringing Marks and/or any other confusingly similar variation, phonetic equivalent, or colorable imitation thereof.

52.     Additionally, as a result of Defendants' actions described herein, EZ Lite Cruiser is entitled to all other remedies available under the Lanham Act including, but not limited to, Defendants' profits, any damages sustained by EZ Lite Cruiser, treble damages, and costs and attorneys' fees.

### COUNT III
### False Association under 15 U.S.C. § 1125(a)
### (Against All Defendants)

53.     EZ Lite Cruiser re-alleges and re-avers paragraphs 1-36 as though fully set forth herein.

54.     Defendants are using the Infringing Marks, without authorization, in commerce in connection with the sale, offering for sale and/or advertising of their electric wheelchairs and wheelchair accessories as set forth above.

55.     Defendants' unauthorized use of the Infringing Marks has caused, and is likely to continue to cause, confusion, mistake or deception among consumers and customers as to the source, origin, or sponsorship of such products or as to the affiliation, connection or association of Defendants with EZ Lite Cruiser.  The consuming public is likely to believe that Defendants' use of the Infringing Marks in connection with their goods and services is authorized, licensed, or sponsored by EZ Lite Cruiser when such is not the case.  In fact, EZ Lite Cruiser has received instances of actual confusion resulting from Defendants' infringing use of the Infringing Marks.

56.     Defendants' actions, as alleged herein, falsely suggest a connection with EZ Lite Cruiser and constitute false association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     The foregoing acts have been and continue to be deliberate, willful and wanton.

58.     As a direct and proximate result of Defendants' actions, EZ Lite Cruiser has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of its EZ LITE CRUISER Mark.  The injury to EZ Lite Cruiser is ongoing, continuous and irreparable.

59.     A monetary award of damages alone cannot fully compensate EZ Lite Cruiser for its damages caused by Defendants, and EZ Lite Cruiser lacks an adequate remedy at law. Accordingly, EZ Lite Cruiser is entitled to a temporary and permanent injunction against Defendants restraining Defendants from using the EZ Lite Cruiser Mark, the Infringing Marks and/or any other confusingly similar variation, phonetic equivalent, or colorable imitation thereof.

60.     Additionally, as a result of Defendants' actions described herein, EZ Lite Cruiser is entitled to all other remedies available under the Lanham Act including, but not limited to, Defendants' profits, any damages sustained by EZ Lite Cruiser, treble damages, and costs and attorneys' fees.

## COUNT IV
## False Designation of Origin under 15 U.S.C. § 1125(a)
## (Against All Defendants)

61.     EZ Lite Cruiser re-alleges and re-avers paragraphs 1-36 as though fully set forth herein.

62.     The EZ LITE CRUISER Mark is a distinctive mark and has become associated with EZ Lite Cruiser and, thus, exclusively identifies EZ Lite Cruiser's business and products.

63.     Defendants are using the Infringing Marks, without authorization, in commerce in connection with the sale, offering for sale and/or advertising of their electric wheelchairs and wheelchair accessories as set forth above.

64.     Defendants' unauthorized use of the Infringing Marks has caused, and is likely to continue to cause, confusion, mistake or deception among consumers and customers as to the source, origin, or sponsorship of such products or as to the affiliation, connection or association of Defendants with EZ Lite Cruiser.  The consuming public is likely to believe that Defendants' use of the Infringing Marks in connection with their goods and services is authorized, licensed, or sponsored by EZ Lite Cruiser when such is not the case.  In fact, EZ Lite Cruiser has received instances of actual confusion resulting from Defendants' infringing use of the Infringing Marks.

65.     Because of Defendants' wrongful use of the Infringing Marks, consumers are deceptively led to believe that Defendants' wheelchairs originate with, are sponsored by, or are otherwise approved by EZ Lite Cruiser in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a), or alternatively, will cause consumers to believe that the EZ LITE CRUISER Mark is generic, thus destroying the goodwill and value EZ Lite Cruiser has built in the Mark.

66.     The foregoing acts and conduct by Defendants constitute false designation of origin, passing off and false advertising in connection with products distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     As a proximate result of Defendants' actions, EZ Lite Cruiser has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of its Mark. The injury to EZ Lite Cruiser is ongoing, continuous and irreparable.

68.     A monetary award of damages alone cannot fully compensate EZ Lite Cruiser for its damages caused by Defendants, and EZ Lite Cruiser lacks an adequate remedy at law. Accordingly, EZ Lite Cruiser is entitled to a temporary and permanent injunction against Defendants restraining Defendants from using the EZ Lite Cruiser Mark, the Infringing Marks and/or any other confusingly similar variation, phonetic equivalent, or colorable imitation thereof.

69.     Additionally, as a result of Defendants' actions described herein, EZ Lite Cruiser is entitled to all other remedies available under the Lanham Act including, but not limited to, Defendants' profits, any damages sustained by EZ Lite Cruiser, treble damages, and costs and attorneys' fees.

**COUNT V**
**Florida Common Law Unfair Competition**
**(Against All Defendants)**

70.     EZ Lite Cruiser re-alleges and re-avers paragraphs 1-36 as though fully set forth herein.

71.     EZ Lite Cruiser first adopted and used the EZ LITE CRUISER Mark in marketing, advertising and sales to identify EZ Lite Cruiser as the source of high quality electric wheelchairs.

72.     Defendants are competing with EZ Lite Cruiser in the same geographical markets and/or geographical areas and markets of the United States.

73.     Defendants are using the Infringing Marks, without authorization, in commerce in connection with the sale, offering for sale and/or advertising of their electric wheelchairs and wheelchair accessories as set forth above.

74.     Defendants' unauthorized use of the Infringing Marks is causing or is likely to cause customer confusion as to the source or the origin of Defendants' services and products.

75.     Defendants are engaging in unfair acts of competition in violation of Florida law.

76.     Defendants' use of the Infringing Marks is causing and will continue to cause damage to EZ Lite Cruiser including, but not limited, to irreparable harm.

77.     A monetary award of damages alone cannot fully compensate EZ Lite Cruiser for its damages caused by Defendants, and EZ Lite Cruiser lacks an adequate remedy at law. Accordingly, EZ Lite Cruiser is entitled to a temporary and permanent injunction against Defendants restraining Defendants from using the EZ Lite Cruiser Mark, the Infringing Marks and/or any other confusingly similar variation, phonetic equivalent, or colorable imitation thereof.

78.     Additionally, as a result of Defendants' actions described herein, EZ Lite Cruiser is entitled to all other remedies available including, but not limited to, Defendants' profits, any damages sustained by EZ Lite Cruiser, treble damages, and costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MS MARKETING, INC., d/b/a EZ LITE CRUISER, prays for judgment against Defendants, DISCOVER YOUR MOBILITY, INC. and QUICK N' MOBILE INC, as follows:

A.     Finding Defendant, DISCOVER YOUR MOBILITY, INC., liable for breach of the Settlement Agreement.

B.      Finding Defendants liable for infringement of the EZ LITE CRUISER Mark and otherwise liable for the actions and claims described herein.

C.      For temporary and permanent injunctive relief enjoining Defendants and their respective officers, employees, and agents, and all persons or entities in active concert or participation with Defendants, from:

     i.     using the EZ LITE CRUISER Mark or Infringing Marks, whether alone or in combination with other words or elements, or any other formative variations thereof or any mark confusingly similar to the EZ LITE CRUISER Mark or Infringing Marks, in marketing, advertising, selling and/or providing any of Defendants' goods and services, including on product labels, websites, source identifiers, on the internet, as or in domain names, email addresses, meta tags, keywords, search engines, Google AdWords, computer source coding, or invisible data;

    ii.     falsely designating the origin of the EZ LITE CRUISER Mark or otherwise creating a false association with EZ Lite Cruiser;

  iii.     injuring EZ Lite Cruiser's goodwill and reputation; and

  iv.     doing any other act or thing that would likely induce the belief that Defendants' goods and services are in anyway connected with or sponsored, affiliated, licensed or endorsed by EZ Lite Cruiser or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendants with EZ Lite Cruiser.

D.      Ordering that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon EZ Lite Cruiser within thirty (30) days after service of the

permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

E.      Ordering Defendants to destroy any products bearing the Infringing Marks, and all documents and materials, including boxes, packaging, stationary, letterhead, business forms, business cards, statements, invoices, signage, webpages, brochures, pamphlets, and advertising and marketing materials bearing the Infringing Marks in accordance with 15 U.S.C. § 1118;

F.      Ordering Discover to pay EZ Lite Cruiser monetary relief for all damages incurred by EZ Lite Cruiser as a result of Discover's breach of the Settlement Agreement;

G.      Ordering Defendants to account for all profits derived from Defendants' unlawful use of the Infringing Marks in accordance with 15 U.S.C. § 1117(a);

H.      Ordering Defendants to pay EZ Lite Cruiser monetary relief under 15 U.S.C. § 1117(a) in an amount equal to Defendants' profits plus damages sustained by EZ Lite Cruiser as a result of Defendants' wrongful actions;

I.      Ordering Defendants to pay EZ Lite Cruiser three times Defendants' profits made as a result of Defendants' wrongful actions or three times EZ Lite Cruiser's damages, whichever is greater;

J.      Finding that this case is exceptional pursuant to 15 U.S.C. §§ 1117(a), 1117(b) and 1125(c), and trebling any damages awarded to EZ Lite Cruiser due to Defendants' willful and intentional acts of trademark infringement, false association, false designation of origin, and unfair competition and awarding exemplary damages for Defendants' willful and intentional acts;

K.      Awarding EZ Lite Cruiser its reasonable attorneys' fees incurred in connection with this action, including all fees incurred pre-suit;

L.      Finding that EZ Lite Cruiser is entitled to recover its costs of Court; and

     M.      For such other and further relief the Court deems just and proper.


Dated: September 12, 2018          Respectfully submitted,

          By:  /s/Joshua D. Martin
          Joshua D. Martin
          Florida Bar No. 028100
          josh.martin@johnsonmartinlaw.com
          JOHNSON & MARTIN, P.A.
          500 W. Cypress Creek Rd., Suite 430
          Fort Lauderdale, Florida  33309
          Telephone:  (954) 790-6699
          Facsimile:  (954) 206-0017

          *Attorney for Plaintiff, MS Marketing, Inc.*
          *d/b/a EZ Lite Cruiser*