UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MS MARKETING, INC., d/b/a EZ LITE CRUISER, a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>DISCOVER YOUR MOBILITY, INC., a Michigan corporation, and QUICK N' MOBILE INC, a Florida corporation,<br><br>          Defendants. | Case No.:0:18-cv-62152-DPG |

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendants DISCOVER YOUR MOBILITY, INC., a Michigan corporation, and QUICK N' MOBILE INC, a Florida corporation, by and through the undersigned counsel, hereby file this Amended Answer and Affirmative Defenses to the Complaint against them, and state as follows:

### THE PARTIES

1. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 1 of the Complaint.

2. ADMIT the allegations set forth in paragraph 2 of the Complaint.

3. ADMIT the allegations set forth in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. ADMIT the nature of the action, otherwise Denied.

5. ADMIT the allegations set forth in paragraph 5 of the Complaint.

6. ADMIT the allegations set forth in paragraph 6 of the Complaint.

7. ADMIT the allegations set forth in paragraph 7 of the Complaint.

8. ADMIT to the jurisdiction of this court over this matter, otherwise DENIED.

9. ADMIT the allegations set forth in paragraph 9 of the Complaint.

10. ADMIT the allegations set forth in paragraph 10 of the Complaint.

## GENERAL ALLEGATIONS

11. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 11 of the Complaint, except DENY that Plaintiff sells or is authorized to sell wheelchairs.

12. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 12 of the Complaint.

13. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 13 of the Complaint and refer the trier of fact to the referenced document, which speaks for itself regarding its contents.

14. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 14 of the Complaint except DENY that Plaintiff sells or is authorized to sell wheelchairs.

15. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 15 of the Complaint except DENY that Plaintiff sells or is authorized to sell wheelchairs.

16. ADMIT the allegations set forth in paragraph 16 of the Complaint.

17. ADMIT the allegations set forth in paragraph 17 of the Complaint.

18. ADMIT the allegations set forth in paragraph 18 of the Complaint.

19. Refer the trier of fact to the referenced document which speaks for itself regarding its contents and DENY to the extent the allegations in paragraph 19 differ.

20. DENY the allegations set forth in paragraph 20 of the Complaint.

21. DENY the allegations set forth in paragraph 21 of the Complaint.

-3-

22. DENY the allegations set forth in paragraph 22 of the Complaint.

23. DENY the allegations set forth in paragraph 23 of the Complaint.

24. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 24 of the Complaint.

25. ADMIT the allegations set forth in paragraph 25 of the Complaint but DENY that Plaintiff sells or is authorized to sell wheelchairs under the FDA.

26. DENY the allegations set forth in paragraph 26 of the Complaint.

27. ADMIT Defendant Discover Your Mobility was aware of Plaintiff following the prior lawsuit, otherwise Denied.

28. ADMIT the allegations set forth in paragraph 28 of the Complaint.

29. DENY the allegations set forth in paragraph 29 of the Complaint.

30. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 30 of the Complaint.

31. ADMIT, but DENY that Plaintiff sells or is authorized to sell wheelchairs.

32. DENY the allegations set forth in paragraph 32 of the Complaint.

33. DENY the allegations set forth in paragraph 33 of the Complaint.

34. DENY the allegations set forth in paragraph 34 of the Complaint.

35. Refer the trier of fact to the referenced document, which speaks to itself regarding its contents, and DENY to the extent the allegations in paragraph 35 differ.

36. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 36 of the Complaint.

**COUNT I  - BREACH OF CONTRACT**
**(Against Discover)**

37. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 36 as if more fully stated at length herein.

38. ADMIT the allegations set forth in paragraph 38 of the Complaint.

39. DENY the allegations set forth in paragraph 39 of the Complaint.

40. DENY the allegations set forth in paragraph 40 of the Complaint.

41. Refer the trier of fact to the referenced document which speaks for itself regarding its contents and DENY to the extent the allegations in paragraph 41 differ.

42. DENY the allegations set forth in paragraph 42 of the Complaint.

43. DENY the allegations set forth in paragraph 43 of the Complaint.

## COUNT II

### Trademark Infringement under 15 U.S.C. § 1114
### (Against All Defendants)

44. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 36 as if more fully stated at length herein.

45. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 45 of the Complaint.

46. DENY the allegations set forth in paragraph 46 of the Complaint.

47. DENY the allegations set forth in paragraph 47 of the Complaint.

48. DENY the allegations set forth in paragraph 48 of the Complaint.

49. DENY the allegations set forth in paragraph 49 of the Complaint.

50. DENY the allegations set forth in paragraph 50 of the Complaint.

51. DENY the allegations set forth in paragraph 51 of the Complaint.

52. DENY the al legations set forth in paragraph 52 of the Complaint.

## COUNT III
### False Association under 15 U.S.C. § 1125(a)
### (Against All Defendants)

53.     REPEAT AND REASSERT each and every response made above to paragraphs 1 through 36 as if more fully stated at length herein.

54.     DENY the allegations set forth in paragraph 54 of the Complaint.

55.     DENY the allegations set forth in paragraph 55 of the Complaint.

56.     DENY the allegations set forth in paragraph 56 of the Complaint.

57.     DENY the allegations set forth in paragraph 57 of the Complaint.

58.     DENY the allegations set forth in paragraph 58 of the Complaint.

59.     DENY the allegations set forth in paragraph 59 of the Complaint.

60.     DENY the allegations set forth in paragraph 60 of the Complaint.

## COUNT IV
### False Designation of Origin under 15 U.S.C. § 1125(a)
### (Against All Defendants)

61.     REPEAT AND REASSERT each and every response made above to paragraphs 1 through 36 as if more fully stated at length herein.

62.     DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 62 of the Complaint.

63.     DENY the allegations set forth in paragraph 63 of the Complaint.

64.     DENY the allegations set forth in paragraph 64 of the Complaint.

65.     DENY the allegations set forth in paragraph 65 of the Complaint.

66.     DENY the allegations set forth in paragraph 66 of the Complaint.

67. DENY the allegations set forth in paragraph 67 of the Complaint.

68. DENY the allegations set forth in paragraph 68 of the Complaint.

69. DENY the allegations set forth in paragraph 69 of the Complaint.

### COUNT V
### Florida Common Law Unfair Competition
### (Against All Defendants)

70. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 36 as if more fully stated at length herein.

71. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 71 of the Complaint.

72. ADMIT, but DENY that Plaintiff sells or is authorized to sell wheelchairs.

73. DENY the allegations set forth in paragraph 73 of the Complaint.

74. DENY the allegations set forth in paragraph 74 of the Complaint.

75. DENY the allegations set forth in paragraph 75 of the Complaint.

76. DENY the allegations set forth in paragraph 76 of the Complaint.

77. DENY the allegations set forth in paragraph 77 of the Complaint.

78. DENY the allegations set forth in paragraph 78 of the Complaint.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims must be barred, in whole or in part because it has no enforceable trademark rights by reason of the Unlawful Use Doctrine.

2. Plaintiff asserts that it uses the EZ LITE CRUISER mark to sell powered wheelchairs.

3. Plaintiff asserted in its Trademark Application that it engaged in a first use of the EZ LITE CRUISER mark in commerce on December 3, 2013.

4. Powered wheelchairs are a regulated Class II medical device under regulations promulgated by the Food and Drug Administration ("FDA").

5. Class II medical devices may not lawfully be sold in the United States or its Territories absent submission of a premarket notification ("510k Notice") to the FDA.

6. Upon information and belief, Plaintiff was not in compliance with the FDA's requirements for marketing or sale of a Class II medical device at the time it filed its Trademark Application.

7. Trademark rights are obtained only through lawful use in commerce.

8. At the time of Plaintiff's filing of its Trademark Application on the EZ LITE CRUISER mark, it had not engaged in lawful use of the mark in commerce.

9. By reason of the above, Plaintiff's Trademark Application was false and fraudulent in that it had not engaged in a lawful use of the EZ LITE CRUISER mark in commerce on December 3, 2013 or any other date prior to filing the application.

10. Upon information and belief, Plaintiff has never brought itself into compliance with the FDA's rules and regulations regarding sales of Class II medical devices.

11. Upon information and belief, Plaintiff is currently not permitted to sell Class II motorized or powered wheelchairs in the United States.

12. By reason of the above, Plaintiff has never, at any time, engaged in lawful use of the EZ LITE CRUISER mark in commerce to sell powered or motorized wheelchairs, and therefore never obtained lawful common law trademark rights.

13. By reason of the above, Plaintiff may not assert any trademark rights against Defendants to prohibit use of the EZ LITE CRUISER mark.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. Plaintiff's claims must be barred, in whole or in part, because it either never had or has lost the right to prohibit use of the terms "EZ" or "EZ LITE" or "EZ FOLD" by reason of third-party use, or generic use or descriptive use.

15. To the extent that Plaintiff seeks to prohibit use of the term "EZ", "EZ LITE" or "EZ FOLD", Plaintiff may not do so because those terms are generic or descriptive.

16. Upon information and belief, the terms EZ, EZ LITE and EZ FOLD have been used by numerous other parties both prior to, and after Plaintiff's first use in commerce of the mark EZ LITE CRUISER.

17. Plaintiff may not assert exclusive rights to the phrase "EZ" or "EZ LITE" or "EZ FOLD".

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. Plaintiff's claims must be barred in whole or in part under the doctrines of Fair Use, Nominative Use or descriptive use, to the extent that either Defendant used the terms "EZ" or "EZ LITE".

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims must be barred in whole or in part to the extent they are based upon rights under Plaintiff's registration of its mark EZ LITE CRUISER with the United States Patent and Trademark Office.

20. Plaintiff's registration application states that its first use of the EZ LITE CRUISER mark was "at least as early as December 3, 2013".

21. Upon information and belief, Plaintiff was incorporated on about June 24, 2014.

22. Upon information and belief, Plaintiff could not have engaged in a first use in commerce of the EZ LITE CRUISER mark prior to June 24, 2014 because it did not exist yet.

23. Upon information and belief, at the time Plaintiff filed its application to register the mark EZ LITE CRUISER on November 26, 2014, alleging a date of first use in commerce of at least as early as December 3, 2013, it was aware that it had only existed as a corporation since June 24, 2014.

24. Upon information and belief, at the time Plaintiff represented to the USPTO that it had used the EZ LITE CRUISER mark "at least as early as 12/03/2013" it was aware that if such a use in commerce had occurred, it was not Plaintiff who engaged in that use.

25. Upon information and belief, Plaintiff committed fraud upon the USPTO by falsely representing it had used the EZ LITE CRUISER mark "at least as early as 12/03/2013" and therefore its registration is either void ab initio or subject to being declared void.

Dated this 21st day of November, 2018.

/s/ Edmund J. Gegan
EDMUND J. GEGAN, ESQ.
Florida Bar No.: 0068822
**GEGAN LAW OFFICE**
1005 N. Marion Street
Floridan Legal Service Bldg.
Tampa, FL 33602
Telephone: (813) 248-8900
Email: Edmund.gegan@geganoffice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the November 21, 2018, I filed the foregoing with the Clerk of Court by utilizing the Court's CM/ECF system, which will send a Notice of Electronic Filing to all parties.

/s/ Edmund J. Gegan
EDMUND J. GEGAN, ESQ.
Florida Bar No.:  0068822